IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.   1:21-CR-00013-AJT |
| | ) | |
| ARSHAD PERVEZ CHEEMA, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia;

Richard E. Zuckerman, Principal Deputy Assistant Attorney General of the Tax Division;

Russell L. Carlberg, Assistant United States Attorney; Casey S. Smith, Trial Attorney; the

defendant, Arshad Pervez Cheema; and the defendant's counsel, Caroline Ciraolo, have entered

into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of

the agreement are as follows:

1. **Offense and Maximum Penalties**

Arshad Pervez Cheema (the "defendant") agrees to waive indictment and plead guilty to

a one-count criminal information charging the defendant with willful failure to collect, account

for, and pay over taxes, in violation of Title 26, United States Code, Section 7202. The

maximum penalties for Count One are:

   a. a maximum term of 5 years of imprisonment;

   b. a fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary

   loss resulting from the defendant's conduct, whichever is greater;

   c. a special assessment pursuant to 18 U.S.C. § 3013;

    d.  a supervised release term of a maximum of 3 years; and

    e.  an order of restitution pursuant to 18 U.S.C. §§ 3663(a)(3) & 3664, as may

         otherwise be set forth in this plea agreement.

The defendant understands that any supervised release term is in addition to any prison term the

defendant may receive, and that a violation of a term of supervised release could result in the

defendant being returned to prison for the full term of supervised release.

   **2.**   **Factual Basis for the Plea**

      The defendant will plead guilty because the defendant is in fact guilty of the charged

offense.  The defendant admits the facts set forth in the statement of facts filed with this plea

agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable

doubt.  The statement of facts, which is hereby incorporated into this plea agreement, constitutes

a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

   **3.**   **Assistance and Advice of Counsel**

      The defendant is satisfied that the defendant's attorney has rendered effective assistance.

The defendant understands that by entering into this agreement, defendant surrenders certain

rights as provided in this agreement.  The defendant understands that the rights of criminal

defendants include the following:

    a.  the right to plead not guilty and to persist in that plea;

    b.  the right to a jury trial;

    c.  the right to be represented by counsel – and if necessary have the court appoint

         counsel – at trial and at every other stage of the proceedings; and

      d.  the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**4.**   **Sentencing Guidelines, Recommendations, and Roles**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the applicable Sentencing Guidelines provision is U.S.S.G. § 2T1.6 and that the intended tax loss is more than $1.5 million but less than $3.5 million, which results in a base offense level of 22 pursuant to U.S.S.G. § 2T1.6(a).

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The parties agree that, for the purposes of calculating the applicable adjusted offense level and corresponding range under the Guidelines, no special circumstances, enhancements, adjustments, or departures are warranted and neither party will seek or suggest that the Court consider such special circumstances, enhancements, adjustments, or departures.  The parties' stipulations to the applicable Guidelines provision and base offense level do not limit the parties' arguments as to sentencing factors under Section 3553(a), including arguments for a sentence within or outside the advisory Guidelines range found by the Court at sentencing.

**5.     Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement.

This agreement does not affect the rights or obligations of the United States as set forth in 18

U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act, 5 U.S.C. § 552a.

6.    **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special

assessment of $100 per count of conviction.

7.    **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. §§ 3613 and 3572(d),

any monetary penalties imposed by the Court will be due immediately and subject to immediate

enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days

of a request, the defendant agrees to provide all of the defendant's financial information to the

United States and the Probation Office and, if requested, to participate in a pre-sentencing

debtor's examination and/or complete a financial statement under penalty of perjury. If the

Court imposes a schedule of payments, the defendant understands that the schedule of payments

is merely a minimum schedule of payments and not the only method, nor a limitation on the

methods, available to the United States to enforce the judgment. Until restitution is paid in full,

the defendant will be referred to the Treasury Offset Program so that any federal payment or

transfer of returned property to the defendant will be offset and applied to pay the defendant's

unpaid restitution. If the defendant is incarcerated, the defendant agrees to voluntarily

participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8. Restitution

The defendant agrees pursuant to 18 U.S.C. § 3663(a)(3) to pay restitution in the amount of $2,049,457.12 by making payments as ordered by the Court in any restitution order entered pursuant to this plea agreement. The defendant agrees to pay restitution to the Internal Revenue Service ("IRS") for the following amounts:

| BUSINESS NAME | TAX FORM | TAX PERIOD | AMOUNT |
|---|---|---|---|
| Walk-In Medical Center, PC | 941 | 1st Quarter 2016 | $6,536.75 |
| Walk-In Medical Center, PC | 941 | 4th Quarter 2015 | $37,068.65 |
| Walk-In Medical Center, PC | 941 | 3rd Quarter 2015 | $37,068.65 |
| Walk-In Medical Center, PC | 941 | 2nd Quarter 2015 | $37,068.65 |
| Walk-In Medical Center, PC | 941 | 1st Quarter 2015 | $47,904.00 |
| Walk-In Medical Center, PC | 941 | 4th Quarter 2014 | $52,336.15 |
| Walk-In Medical Center, PC | 941 | 3rd Quarter 2014 | $46,339.08 |
| Walk-In Medical Center, PC | 941 | 2nd Quarter 2014 | $55,933.58 |
| Walk-In Medical Center, PC | 941 | 1st Quarter 2014 | $45,091.85 |
| Walk-In Medical Center, PC | 941 | 4th Quarter 2013 | $31,693.43 |
| Walk-In Medical Center, PC | 941 | 3rd Quarter 2013 | $43,697.33 |
| Walk-In Medical Center, PC | 941 | 2nd Quarter 2013 | $54,641.74 |
| Walk-In Medical Center, PC | 941 | 1st Quarter 2013 | $33,943.63 |
| Walk-In Medical Center, PC | 941 | 4th Quarter 2012 | $27,461.62 |
| Walk-In Medical Center, PC | 941 | 3rd Quarter 2012 | $25,446.45 |
| Walk-In Medical Center, PC | 941 | 1st Quarter 2012 | $2,511.76 |
| | | | |
| Falls Church Family Care PC | 941 | 3rd Quarter 2009 | $51,838.12 |
| Falls Church Family Care PC | 941 | 2nd Quarter 2009 | $51,838.12 |
| Falls Church Family Care PC | 941 | 1st Quarter 2009 | $51,838.12 |
| Falls Church Family Care PC | 941 | 4th Quarter 2008 | $29,691.36 |
| Falls Church Family Care PC | 941 | 3rd Quarter 2008 | $30,051.72 |
| Falls Church Family Care PC | 941 | 2nd Quarter 2008 | $30,051.72 |
| Falls Church Family Care PC | 941 | 1st Quarter 2008 | $30,051.72 |
| Falls Church Family Care PC | 941 | 4th Quarter 2007 | $13,395.23 |
| Falls Church Family Care PC | 941 | 3rd Quarter 2007 | $13,395.23 |
| Falls Church Family Care PC | 941 | 2nd Quarter 2007 | $13,395.23 |
| Falls Church Family Care PC | 941 | 1st Quarter 2007 | $13,395.23 |
| | | | |
| Walk-In Medical Center, PC | 1120 | Tax Year 2017 | $99,642 |

| BUSINESS NAME | TAX FORM | TAX PERIOD | AMOUNT |
|---|---|---|---|
| Walk-In Medical Center, PC | 1120 | Tax Year 2016 | $89,168 |
| Walk-In Medical Center, PC | 1120 | Tax Year 2015 | $181,934 |
| Walk-In Medical Center, PC | 1120 | Tax Year 2014 | $185,378 |
| Walk-In Medical Center, PC | 1120 | Tax Year 2013 | $222,254 |
| Walk-In Medical Center, PC | 1120 | Tax Year 2012 | $191,850 |
| Walk-In Medical Center, PC | 1120 | Tax Year 2011 | $165,546 |
| | | TOTAL | $2,049,457.12 |

In the chart above, (a) the Form 941 amounts include Walk-In Medical Center, PC's unpaid trust fund taxes—i.e., the Federal Insurance Contributions Act ("FICA") taxes and federal income taxes withheld from employees' wages—as well as Walk-In Medical Center, PC's unpaid employer portion of FICA taxes, and (b) the Form 1120 amounts include Walk-In Medical Center, PC's unpaid corporate income taxes.

The defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full. The government will provide an updated interest figure at sentencing.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331. The defendant agrees that he will sign any IRS forms deemed necessary by

the IRS to enable the IRS to make an immediate assessment of that portion of the tax that he agrees to pay as restitution. The defendant also agrees to sign IRS Form 8821, "Tax Information Authorization." The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

The parties understand that the defendant will receive proper credit for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities; that the IRS may seek additional taxes, interests, and penalties from the defendant relating to the conduct covered by this plea agreement and for conducting relating to another time period; and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability.

If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described information to the probation office.

## PROVISIONS REGARDING PAYMENT

The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the IRS at the following address:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

With each payment to the IRS made pursuant to the District Court's restitution order, the defendant will provide the following information:

a. Defendant's name and Social Security Number;

b. The District Court docket number assigned to this case;

c. The tax year(s) or period(s) for which restitution has been ordered; and

d. A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the Clerk of the Court at the following address:

United States District Court, Eastern District of Virginia
401 Courthouse Square
Alexandria, Virginia 22314

The defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

**9.   Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts. This plea agreement and statement of facts does not confer on the defendant any immunity from prosecution by any state government in the United States.

9

10.     **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.  The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.  The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

c.  Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and

10

any other statements made pursuant to this or any other agreement with the

United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R.

Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the

Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in

an appropriate proceeding at which the defendant's disclosures and documentary evidence shall

be admissible and at which the moving party shall be required to establish a breach of the plea

agreement by a preponderance of the evidence.

## 11.   Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United

States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney

acknowledge that no threats, promises, or representations have been made, nor agreements

reached, other than those set forth in writing in this plea agreement, to cause the defendant to

plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing

in a supplemental or revised plea agreement signed by all parties.

RAJ PAREKH
G. ZACHARY TERWILLIGER
Acting United States Attorney


By: _____
RUSSELL L. CARLBERG
Assistant United States Attorney

DAVID A HUBBERT
RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division


By: _____
CASEY S. SMITH
Trial Attorney
U.S. Department of Justice, Tax Division

11

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 12/31/2020

ARSHAD PERVEZ CHEEMA
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter this agreement is an informed and voluntary one.

Date: 12/31/2020

CAROLINE CIRAOLO
Counsel for Defendant

12