IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:21-CR-0013-AJT |
| ARSHAD PERVEZ CHEEMA, | ) |
| | ) |
| Defendant. | ) |

**STATEMENT OF FACTS**

The United States of America and the defendant, ARSHAD PERVEZ CHEEMA, stipulate that the allegations in the Criminal Information and the following facts are true and correct. The United States and the defendant further stipulate that had the matter gone to trial, the United States would have proven the following facts beyond a reasonable doubt.

**I.   Introduction**

1. Defendant ARSHAD PERVEZ CHEEMA ("CHEEMA") resided in Great Falls, Virginia within the Eastern District of Virginia.

2. From in or about 2011 through 2018, CHEEMA owned and operated a doctor's office called Walk-In Medical Center, PC with offices located in Falls Church, Virginia and Herndon, Virginia within the Eastern District of Virginia.

**II.   Criminal Conduct**

3. Walk-In Medical Center, PC was required to withhold Federal Insurance Contributions Act ("FICA") taxes, i.e., Social Security and Medicare taxes, and federal income taxes from its employees' wages (collectively referred to as "trust fund taxes") and to pay over the withheld amounts to the United States.

4. In addition to the trust fund taxes, Walk-In Medical Center, PC was required to pay over an employer portion of FICA taxes. The trust fund taxes along with the employer's portion of FICA taxes will be collectively referred to as "payroll taxes."

5. Walk-In Medical Center, PC was then required to report the payroll taxes to the IRS on a quarterly basis on an Employer's Quarterly Federal Income Tax Return ("Form 941"). The Form 941 was due at the end of the month following the end of each calendar quarter and reported the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of FICA taxes due, and the total tax deposits or payments due. For example, the Form 941 for the fourth quarter of 2014 was due on or before January 31, 2015, since the fourth calendar quarter ended on December 31, 2014. Walk-In Medical Center, PC was required to pay over the payroll taxes to the IRS in full by the due date of the Form 941.

6. At all times from 2011 through 2018, CHEEMA was responsible for collecting, truthfully accounting for, and paying over to the IRS the trust fund taxes withheld from Walk-In Medical Center, PC's employees' wages. At all times from 2011 through 2018, CHEEMA exercised significant control over Walk-In Medical Center, PC's financial affairs; CHEEMA had the authority, and exercised the authority, to sign checks on behalf of Walk-In Medical Center, PC; and CHEEMA determined which creditors of Walk-In Medical Center, PC to pay and when to pay them.

7. On or about May 2, 2015, CHEEMA filed an untimely Form 941 for Walk-In Medical Center, PC, for the tax period ending December 31, 2014, reporting a balance due of $57,464.20 in unpaid payroll taxes, of which $43,806.61 constituted trust fund taxes. CHEEMA signed the Form 941 for the tax period ending December 31, 2014, as the Director of Walk-In

Medical Center, PC. At the time CHEEMA filed the Form 941 for the tax period ending December 31, 2014, CHEEMA willfully failed to pay over any amount of the trust fund taxes to the United States for that tax period. CHEEMA knew that the trust fund taxes were due and owing but willfully made the decision not to pay the taxes.

8. In addition to failing to pay over the withheld trust fund taxes to the United States for the tax period ending December 31, 2014, CHEEMA also willfully failed to pay over the trust fund taxes at the times they were due for Walk-In Medical Center, PC for the tax periods ending March 31, 2012 through March 31, 2016.

9. During the tax periods ending March 31, 2012 through March 31, 2016, CHEEMA knew that the trust fund taxes were due and owing but used the trust fund taxes for other business ventures, including to renovate, open, and operate a restaurant called Grand Trunk Restaurant in Washington, D.C.

10. For the tax period ending March 31, 2015, CHEEMA filed a Form 941 for Walk-In Medical Center, PC, reporting a balance due of $47,904.00 in unpaid payroll taxes. CHEEMA signed the Form 941 for the tax period ending March 31, 2015, as the Director of Walk-In Medical Center, PC.

11. In or about April 2016, CHEEMA filed untimely Forms 941 for Walk-In Medical Center, PC, for the tax periods ending March 31, 2013 through September 30, 2013, and the tax periods ending March 31, 2014 through September 30, 2014, reporting balances due of unpaid payroll taxes for each of the tax periods in the total amount of $281,480.58. CHEEMA signed each of the Forms 941 for the tax periods ending March 31, 2013 through September 30, 2013, and the tax periods ending March 31, 2014 through September 30, 2014, as the Director or the President of Walk-In Medical Center, PC.

12. For the tax periods ending March 31, 2012 through December 31, 2012 [corrected to September 30, 2012], the tax period ending December 31, 2013, and the tax periods ending June 30, 2015 through December 31, 2015, CHEEMA willfully failed to file a Form 941 for Walk-In Medical Center, PC.

13. In total, including the loss of trust fund taxes described above for the tax period ending December 31, 2014, CHEEMA willfully failed to pay over $584,743.29 in payroll taxes for Walk-In Medical Center, PC

**Relevant Conduct – Failure to Pay Over Payroll Taxes for Falls Church Family Care PC**

14. From 2007 through at least 2009, CHEEMA also operated another doctor's office called Falls Church Family Care PC in Falls Church, Virginia.

15. At all times from 2007 through 2009, CHEEMA was responsible for collecting, truthfully accounting for, and paying over to the IRS the trust fund taxes withheld from Fall Church Family Care PC's employees' wages.

16. For the tax periods ending March 31, 2007 through September 30, 2009, CHEEMA willfully failed to file a Form 941 or pay over any payroll taxes due for Falls Church Family Care PC.

17. In total, for the tax periods ending March 31, 2007 through September 30, 2009, CHEEMA willfully failed to pay over $328,941.80 in payroll taxes for Falls Church Family Care PC.

**Relevant Conduct – Failure to Pay Over Corporate Income Taxes**

18. For tax years 2011 through 2017, Walk-In Medical Center, PC was required to file with the IRS, on an annual basis, a U.S. Corporation Income Tax Return ("Form 1120") to report its income tax liability.

19. On or about February 27, 2017, CHEEMA filed untimely Forms 1120 for Walk-In Medical Center, PC for tax years 2011, 2012, 2013, and 2014, reporting balances due of unpaid corporate income taxes of $165,546, $191,850, $222,254, and $185,378, respectively. On or about January 24, 2017, CHEEMA filed an untimely Form 1120 for Walk-In Medical Center, PC for tax year 2015 reporting a balance due of unpaid corporate income taxes of $181,934. For tax years 2016 and 2017, CHEEMA filed a Form 1120 for Walk-In Medical Center, PC reporting balances due of $89,168 and $99,642, respectively.

20. CHEEMA signed each of the Forms 1120 for Walk-In Medical Center, PC for tax years 2011 through 2017 as the Director or the President of Walk-In Medical Center, PC.

21. In total, for tax years 2011 through 2017, Walk-In Medical Center, PC failed to pay over $1,135,772 in corporate income taxes.

### III. Conclusion

22. For failing to pay the payroll taxes for Walk-In Medical Center, PC and Falls Church Family Care PC as well as the corporate income taxes for Walk-In Medical Center, PC, CHEEMA caused a tax loss of $2,049,457.12.

23. The defendant engaged in the conduct described above willfully and knowingly and not because of accident, mistake, or other innocent reason.

24. The statement of facts includes those facts necessary to support a plea agreement between the defendant and the United States. It does not include every fact known to the defendant or to the United States and it is not intended to be a full enumeration of all the facts

surrounding the defendant's case.

Respectfully submitted,

~~G. ZACHARY TERWILLIGER~~ Raj Parekh
Acting United States Attorney

By: /s/ Russell L. Carlberg
RUSSELL L. CARLBERG
Assistant United States Attorney

David A. Hubbert
~~RICHARD E. ZUCKERMAN~~
~~Principal~~ Deputy Assistant Attorney General
Tax Division

By: /s/ Casey S. Smith
CASEY S. SMITH
Trial Attorney
U.S. Department of Justice, Tax Division

6

Defendant's Stipulation and Signature

After consulting with my attorney and pursuant to the plea agreement I entered into this day with the United States, I hereby stipulate that the above statement is true and accurate. I further stipulate that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 12/31/2020

ARSHAD PERVEZ CHEEMA
Defendant

Defense Counsel's Signature

I am Arshad Pervez Cheema's attorney. I have carefully reviewed the above statement of facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 12/31/2020

CAROLINE CIRAOLO
Counsel for Defendant

7